# City of Wilkes-Barre's Appeal.

1. A bill in equity was filed by a land-owner to restrain a city from removing certain posts which the latter alleged were in a public highway, but which the complainant contended were within his own land. It appeared that the locus in quo was within the bounds of the highway, as laid out by a jury of viewers appointed by the Quarter Sessions, and that said highway up to the limits claimed on behalf of the city had been travelled and used by the public as a highway for more than twenty-one years. *Held*, that the bill should be dismissed.

[City of Wilkes-Barre's Appeal.]

2. The fact that there was no evidence of dedication of the locus in quo by the complainant made no difference in the conclusion above reached.

3. There being no evidence in the above case that the locus in quo was left open by the owner for his own accommodation. or that he used it in any other manner than as a public highway : *Held*, that he was not entitled to resume the exclusive possession thereof at pleasure.

4. Gowan *v.* Philadelphia Exchange Company, 5 W. & S. 141, and Duncan *v.* Hanbest, 2 Brewster 362, distinguished.

5. Dubitatur, whether a bill in equity was the proper form of proceeding in the above case.

April 14th 1882.    Before SHARSWOOD, C. J., MERCUR, GOR-DON, PAXSON, TRUNKEY and STERRETT, JJ.    GREEN, J., absent.

APPEAL from the Court of Common Pleas of *Luzerne county :* In Equity : Of January Term 1880, No. 230.

Bill in equity, by Jacob Kocher and Maria, his wife, in her right, complainants, and the city of Wilkes-Barre, defendant, averring that the defendant, by its employees, threatened to remove certain posts, evidences of the boundary of the plaintiffs' lot in the city of Wilkes-Barre.    The said posts had been recently erected by the plaintiffs.    The defendant's answer averred that said posts were within the lines of a public highway.

The case was referred to George R. Bedford, as examiner and master, who reported substantially as follows :—

All the deeds of the plaintiffs' lot call for the highway as a boundary, in general terms, without recital of courses and distances.    There was no record evidence to show where the centre line of the highway was originally located.    The course of the road at the point in question was altered about the year 1830, by the canal commissioners, by virtue of the authority vested in them by the Act of April 9th 1827 (P. L. 198), but as they filed no report in the Quarter Sessions, the exact location of the road, as altered, is left uncertain.    Owing to this uncertainty, proceedings were had in 1844, by petition in the Quarter Sessions, whereby viewers were appointed to view and lay out the said road, who reported a road fifty feet wide, the centre line " beginning at a point in the centre of the main road, thence across the canal bridge," by courses and distances curving around plaintiffs' premises about twenty-eight feet, thence to a point in the centre of the same main road.    The draft attached to the report could not be found.    Since that report was made, the location of the superstructure of a portion of the canal bridge was changed some three feet to one side.

The master reported that he was of the opinion, from the evidence, that the centre line of the road, as laid out by the

viewers, passed over the centre line of the canal bridge, and that although a portion of the bridge had since been moved, the berm-bank abutment of the bridge at its northerly end had not been changed, " and he therefore thinks it may be pretty safely assumed, that the centre line of the road passed over the centre line of the berm-bank abutment . . . . It follows that the road, as reported by the viewers of 1844, covered the premises in dispute, and that the posts in question are in the public highway."

The master further reported, from the evidence before him, " that for a period of at least twenty-one years, the public used, as a part of the highway, the premises in dispute."

And, further : " Upon the whole case then, the master is of the opinion, that the plaintiff's bill should be dismissed ; and that the injunction heretofore granted should be dissolved."

Exceptions filed to the master's report were sustained by the court, on the grounds (1) that the evidence of the location of the centre of the road as laid out by the viewers, at the point in question, was so uncertain that the court " are not willing to say that one ought to forfeit title to his real estate under such circumstances." (2) That in the absence of any evidence of dedication to the public of the premises in dispute, the fact that the plaintiff left open a part of their lot adjoining the highway for his accommodation, which was used by the public for twenty-one years, did not affect the title of the owner, who might resume exclusive possession thereof at pleasure : citing Gowan v. Phila. Exchange Co., 5 W. & S. 141 ; Duncan v. Hanbest, 2 Brewster 364 ; British Museum v. Finnis, 24 Eng. Com. L. Rep. 408 ; Barraclough v. Johnson, 35 Id. 337 ; Daniels v. R. R. Co., 35 Iowa 129 ; Talbott v. Grace, 30 Ind. 389 ; Western Pa. R. R. Co. v. Sharp, 9 Pitts. Leg. J. 129.

The court, therefore, entered a decree awarding a perpetual injunction, as prayed for in the bill.

The defendant thereupon took this appeal, assigning for error the sustaining of the complainants' exceptions to the master's report, and the entry of said decree.

*William S. McLean,* for the appellants.

*Charles Pike,* for the appellees.

Mr. Justice PAXSON delivered the opinion of the court, May 1st 1882.

The learned master, after a careful consideration of this case, came to the conclusion that the complainants' bill should be dismissed, and so reported to the court. Upon exceptions filed

[City of Wilkes-Barre's Appeal.]

the court reversed the master and made the injunction perpetual.

The bill was filed to restrain the city of Wilkes-Barre, and the street commissioners thereof from removing certain posts which the city alleged were in the public highway, but which the complainant contended were outside the highway and within the lines of his own property.

There was this question of fact in the case and nothing else.

The learned master found :

1st. That the locus in quo was within the bounds of the public highway as laid out by a jury of viewers duly appointed for that purpose by the court of quarter sessions in 1844, and duly confirmed at November sessions of that year.

2d. That said road up to the limits claimed on behalf of the city, was traveled and used by the public as a highway for a period of more than twenty-one years.

There was ample evidence to sustain each of these findings. The court below ignored the first finding, and held that there was no evidence of a dedication by the complainant of the land in question. There certainly was no dedication, but I am unable to see how any such question is raised in the case. The master does not find the land was dedicated, but that it was lawfully taken under and by virtue of proceedings in the quarter sessions.

The court below sustained the master's finding upon the second proposition, but held as a matter of law, that where the owner of private property bordering upon a public highway, leaves a portion of it open for his own accommodation, and not that of the public, there is in such case no dedication to public use, and the possession of such property may be resumed by the owner at pleasure. Gowan *v.* The Philadelphia Exchange Company, 5 W. & S. 141, and Duncan *v.* Hanbest, 2 Brewster 362, were cited in support of this proposition. There was no evidence that the locus in quo was left open by the owner for his own accommodation, or that he used it in any manner than as a public highway. The authorities referred to have no application.

No question was raised to the jurisdiction and we will not therefore discuss it further than to say that in reversing the decree we do not decide that a bill in equity was the proper form of proceeding.

The decree is reversed and the bill dismissed at the costs of the appellee.